WILLIAM H. HORAN, Respondent, v. JOHN F. MACDONALD, Appellant.— Judgment unanimosuly affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

In the Matter of the Application of the HOME GUARDIAN COMPANY OF NEW YORK, Appellant, for an Order of Peremptory Mandamus against FRANCES T. CAREY, Tax Collector of the Town of Kent, Putnam County, New York, Impleaded with EDWARD D. STANNARD, County Treasurer of the County of Putnam, and MARIE R. HILBERT, Respondents.— Order, as resettled, amending and modifying order of mandamus unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ.

In the Matter of the Application of HANDLEY LEE, Respondent, for a Mandamus Order against WILLIAM F. QUIGLEY, Commissioner of Licenses of the City of New York, Appellant.— Peremptory mandamus order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper and Scudder, JJ., concur; Carswell, J., dissents and votes to modify so as to provide that an alternative mandamus order be granted.

In the Matter of the Petition of ETHEL MAYER and JACOB ROSENBERG, Appellants, for a Distribution of Unlawful Accumulations of Income from Trust Fund, under the Last Will and Testament of CHARLES ROSENBERG, Deceased. MORTON ROSENBERG and Others, Respondents. (Appeal No. 1.) — Order of the Surrogate's Court of Richmond county dated July 18, 1930, denying application of the petitioners to restrain the surviving trustees of Charles Rosenberg, deceased, from paying to themselves commissions upon income and requiring them to repay to the estate commissions theretofore paid on income affirmed, without costs. The record is too meager to pass upon the question whether or not, under section 285 of the Surrogate's Court Act, the trustees had the right to pay to themselves commissions upon income and upon accounts heretofore filed, or whether or not they should be required to repay such commissions as they may have paid to themselves. In the exercise of discretion the surrogate properly deferred passing upon these questions until the final account and the objections thereto are passed upon, at which time these questions can be disposed of. This course involves no hazard to these petitioners since if any payments have been improperly made in this particular, they may be the subject of a surcharge against these surviving trustees, who have a sufficiently large interest in the estate, under the will of the deceased, to enable an adequate surcharge to be made effective, should a surcharge eventually be made, the propriety of which need not now be considered. These petitioners, as has already been indicated in a companion appeal, should proceed to have their objections in all respects to the final accounts as filed passed upon and the matters herein sought to be litigated disposed of on the final accounting. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.